EVA NEILL and R. R. NEILL v. CHARLES S. HARRIS, ALVA LEONARD HARRIS, LENA HARRIS, HELEN PHILLIPS, JOSEPH E. HARRIS, MORDA MOOMAW, FRANK CHILCUTT, LEONARD CHILCUTT and KATIE CHILCUTT CLAYTON, Sole Heirs of ANNIE HARRIS CHILCUTT, Appellants.—44 S. W. (2d) 625.

Division One, December 21, 1931.

*E. M. Wright* for appellants.

*W. G. Gideon* for respondents.

GANTT, P. J.—Action to cancel a deed and thereby quiet in plaintiffs the title to the southeast quarter of the southwest quarter of Section 10, Township 28, Range 23, in Greene County, Missouri. The deed was cancelled and title decreed in plaintiffs. Defendants appealed.

It was alleged that plaintiffs owned by purchase an undivided one-half interest in the land, and that plaintiff, Eva Neill (*nee* Harris) owned the other one-half interest as devisee under the will of her grandfather, Joseph A. Harris, deceased; that defendants claim an interest in the land under said will, and that said deed and the record thereof in the office of the Recorder of Deeds of Greene County is a cloud upon the title of plaintiffs. Wherefore, they prayed for cancellation of the deed and a decree quieting the title in plaintiffs.

Defendants answered by certain admissions (not material) and a general denial. They further alleged that on November 3, 1917, Joseph A. Harris executed and delivered a deed conveying his undivided one-half interest in the land to Eva Neill (*nee* Harris), reserving all mineral rights; that on June 12, 1920, he executed a will devising his undivided one-half interest in the land to Eva Neill "as per warranty deed filed with these acknowledgments;" that he delivered the will and deed to H. B. Morton and directed him to deliver them after his death to the executor of the will; that H. B. Morton delivered the will and deed as directed; that the executor filed the deed for record in the office of the Recorder of Deeds of Greene County; that the deed was there recorded; that the will was duly probated and final settlement of the estate was made; that the deed conveyed and the will devised to Eva Neill only the surface of the land that under the terms of the deed and the will the mineral rights to the land were reserved and title to same passed under the residuary clause of the will to defendants and Cora Harris Pfaff. Wherefore, they prayed for a decree quieting in them the mineral rights to the land.

The reply, after certain admissions (not material), was in effect a general denial.

The facts follow:

Plaintiff Eva Neill (*nee* Harris), Cora Harris Pfaff, and defendants are the only heirs at law of Joseph A. Harris, deceased. After the death of Joseph A. Harris, Cora Harris Pfaff quit-claimed her interest in the land to Eva Neill, and for that reason is not a party defendant. On November 3, 1917, Joseph A. Harris signed a deed conveying his undivided one-half interest in the land to his granddaughter Eva Harris (now Eva Neill), reserving the mineral rights.

He neither delivered the deed to Eva Harris nor to anyone for her use and benefit. On June 12, 1920, Hugh Newell went to the home of Joseph A. Harris to write his will. He was accompanied by H. B. Morton, cashier of the bank. Mr. Newell wrote the will, Joseph A. Harris signed it, and Newell and Morton signed as witnesses. Mr. Harris delivered the will to Mr. Morton. It was not enclosed in an envelope nor were there any written instructions with the will. The witnesses did not remember that Mr. Harris had or referred to a deed for information at the time the will was written. The will and a deed were in the bank, but Mr. Morton did not remember whether the deed was delivered to him at the time the will was executed or at a later date. There were no oral or written instructions from Mr. Harris accompanying the delivery of the deed to Mr. Morton. The will and deed were left with him for safe-keeping in the safe at the bank. He testified that if Mr. Harris had called for them he would have delivered them to him. Mr. Harris died about three months after the execution of the will. Thereafter Mr. Morton produced the will and deed in the probate court. The deed was delivered to the executor, who filed it in the office of the Recorder of Deeds of Greene County for record, without the knowledge or consent of Eva Neill. After the death of Joseph A. Harris plaintiffs Eva Neill and her husband, R. R. Neill, purchased the undivided one-half interest of Nora L. Garton in the land.

There was no evidence tending to show a delivery of the deed. Even so, defendants contend that by reference, the deed was incorporated in the will and limited the interest devised to Eva Neill to the surface or agricultural part of the land. The clause devising the land follows:

"To my granddaughter, Eva Harris (daughter of Charles S. Harris), I give, devise and bequeath an undivided one ($\frac{1}{2}$) half interest in the real estate property described as follows:

"Lot, tract or parcel of land lying, being and situate in the County of Greene, State of Missouri, to-wit: All of the South East ($\frac{1}{4}$) quarter of the South West ($\frac{1}{4}$) quarter of Section (10) Ten, Township Twenty-eight (28) Range Twenty-three (23), containing Forty (40) acres more or less, as per warranty deed filed with these acknowledgments."

The rule may be stated as follows:

"If a properly executed will incorporates in itself by reference any document or paper not so executed, whether it be in form of a will or codicil, or of a deed or of a mere list or memorandum, the paper so referred to, if it was in existence at the time of the execution of the will and is identified by clear and satisfactory proof as the paper referred to therein, takes effect as part of the will. It is not essential that the paper referred to be itself a dispositive in-

strument. However, it is well settled that, in order that a paper may be incorporated in a will by reference, it must be referred to in the will as existing, and it must in fact be in existence at the time of the execution of the will. And the will must clearly and definitely describe the papers intended to be incorporated, so that no room for doubt can exist as to what papers were meant. The burden of proving the identity of the paper alleged to be incorporated by reference is upon the party claiming that it was so incorporated. While parol evidence is necessarily admissible to prove whether there is or is not in existence at testator's death any such instrument as is referred to in the will, and may be received to effect identification where the reference in the will is such as to make the paper referred to capable of identification, yet it is not admissible to show what paper was meant when the uncertainty and ambiguity as to the paper referred to is patent upon the face of the will." [40 Cyc. 1094; White v. Reading, 239 S. W. 90.]

It will be noted that the reference to the deed does not indicate that it was in existence at the time the will was executed. The testator may have referred to a deed to be executed in the future and filed with the will. It was not stated where or with whom the deed was to be filed, the names of the parties to the deed or the date of its execution. The country was full of warranty deeds on file in different places. The will in no way identifies the deed, and for that reason the reference did not incorporate it in the will. Moreover, if the reference was sufficient to incorporate the deed in the will, we do not think it limited the interest devised to Eva Neill. The evidence tends to show that the testator did not have the deed at his home at the time the will was written. He may not have been sure of the description given in the will and for that reason referred to the deed as accurately describing the land devised. In view of these conclusions it is unnecessary to consider the question presented by plaintiffs that the estate devised to Eva Neill could not be limited "by subsequent words less affirmative than the words creating the greater estate."

The motion to dismiss the appeal and the motion to strike out parts of appellants' amended brief are overruled. The judgment is affirmed. All concur.